IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KARELLEN STEPHENS, et al.,**

    Plaintiffs,

v.

**MULTNOMAH COUNTY, et al.,**

    Defendants.

No. 3:11-cv-01497-MO

OPINION AND ORDER

**MOSMAN, J.**,

Defendants Scott Kocher, Richard Vangelisti and Vangelisti Kocher, LLP (collectively "Vangelisti defendants") moved to dismiss [18] pursuant to Fed. R. Civ. P. 12(b)(6). Defendants James Callahan and Callahan and Shears, P.C. (collectively "Callahan defendants") filed a separate Rule 12(b)(6) motion to dismiss [11]. Both moving parties argue Ms. Stephens fails to state any claims for which relief is available. For the reasons explained below, I grant their motions [11][18].[1]

---

[1] I issued an order to show cause [21] requiring Ms. Stephens to reply to the court because she did not reply to the defendants Rule 12(b)(6) motions [11][18]. She responded to that order so I do not dismiss this claim for failure to prosecute.

1 – OPINION AND ORDER

**LEGAL STANDARD**

To survive a motion to dismiss under Fed. R. Civ. P. 12 (b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

**DISCUSSION**

This case stems from Ms. Stephens' suit for malpractice and other torts against her former attorneys in state court. Ms. Stephens alleges she originally retained defendants Scott Kocher, as well as Richard Vangelisti and his firm, to represent her and her daughter in a lawsuit alleging that her daughter was seriously burned by bath water at a sleepover. She lost that suit. Ms. Stephens then filed suit against her former counsel, who retained James Callahan and his firm to defend them against Ms. Stephens' malpractice claim. The suit was assigned to defendant Multnomah County Judge David F. Rees, who dismissed portions of her complaint and allowed her to replead. After several attempted repleadings, Ms. Stephens filed a judicial fitness complaint against Judge Rees and the case was reassigned to defendant Judge Adrienne Nelson, who made similar rulings. The final judicial defendant, Judge Jean K. Maurer, became involved as presiding judge.

Now, Ms. Stephens, on behalf of her daughter, claims under 42 U.S.C. § 1983, §1985, and §1986, that all the parties identified above conspired to interfere with their civil rights, neglected to prevent this interference, and deprived Ms. Stephens and her daughter of rights protected by the United States Constitution's Seventh and Fourteenth Amendments, and Article I Section 17 of Oregon's Constitution. Further, Ms. Stephens alleges the Callahan defendants and Vangelisti

defendants caused her intentional infliction of emotional distress by filing motions in the state court proceedings.

I.  **42 U.S.C. § 1983 Claims**

Section 1983 applies to actions (1) that were committed by a person acting under the color of the law and (2) deprive a person of rights, privileges, or immunities protected by the Constitution or United States law. *E.g., Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Parties can be acting under the color of law even if they are not state officers if they willingly participate in a state action that deprives a person of rights. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). However, succeeding in "a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Id.*

The Vangelisti defendants and Callahan defendants were not parties to government misconduct just because their motions were granted in state court. No other allegations suggest they were acting under the color of the law. Because they are not acting under the color of the law, I find that Ms. Stephens has not stated a Section 1983 claim and I dismiss the claims against them. I also dismiss with prejudice Ms. Stephens claims against the state judges. They have absolute immunity from Section 1983 claims when, as alleged here, they are acting in their judicial capacity. *Dennis*, 449 U.S. at 27.

Aside from not satisfying the first element, Ms. Stephens also fails to allege facts that show the defendants have deprived her of a Constitutional right.   She first alleges her Seventh Amendment right to a jury trial has been violated by the lawyers that filed motions to dismiss her claims and by the state courts that granted those motions. However, the Seventh Amendment right to a jury trial does not apply in civil actions in state court. *Walker v. Sauvient,* 92 U.S. 90, 92 (1875); *see also Alexander v. Virginia*, 413 U.S. 836, 836 (1973). Thus, I dismiss this claim against all defendants.

3 – OPINION AND ORDER

Second, she alleges her Fourteenth Amendment right to due process was violated. The due process clause protects citizens from *states* depriving them of protected rights. It applies only to state action or private individuals if they are acting with the authority of state law. *Blum v. Yaretsky*, 457 U.S. 991, 1002, 1004 (1982). Attorneys representing their clients are not acting under the authority of the state, but instead are providing a private function. *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–19 (1981). The lawyers in this case are not state actors and did not violate Ms. Stephens' right to due process so I also dismiss this claim.

Her final allegation is that the defendants violated her right to equal protection under the law. I find that Ms. Stephens' right to equal protection under the law was not violated and dismiss her claims. She does not include any facts in her pleadings that support this claim.

## II.     42 U.S.C. §1985(3) and § 1986 Claims

To state a claim for violation of section 1985(3) Ms. Stephens must allege (1) a conspiracy to deprive her of equal protection of the laws; (2) an act in support of the conspiracy (3) that causes her injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). I find that Ms. Stephens cannot satisfy any of the requirements. Her pleadings contain nothing more than conclusory allegations of a conspiracy which do not suffice under Rule 12(b)(6). She does not allege any specific actions that have caused her injury. Therefore, I grant the defendants' motion to dismiss Ms. Stephens' section 1985(3) claim against all parties.

I also dismiss Ms. Stephen section 1986 claim for the same reason.

## III.    Intentional Infliction of Emotional Distress

Under Oregon law there is absolute privilege "in claims for intentional infliction of emotional distress based on actions taken and statements made in connection with a judicial proceeding." *Franson v. Radich*, 735 P.2d 632, 635 (1987). The facts Ms. Stephens plead establish

that the Callahan defendants and Vangelisti defendants were acting in their role of attorneys when they filed the motions that Ms. Stephens says caused her distress. I grant defendants' motion to dismiss with prejudice because their actions were privileged.

### IV. Attorney Fees

In a civil rights action, under 42 U.S.C. §1988 a prevailing defendant can be awarded attorney fees if the plaintiff's claim was frivolous, unreasonable, or without foundation. *Fox. v. Vice*, 131 S. Ct. 2205, 2209 (2011). Currently, I decline to award attorney fees because Ms. Stephens is proceeding pro se and this is her first attempt with these claims.

### CONCLUSION

I grant the motions to dismiss [11][18] and also dismiss the non-moving defendants *sua sponte*. Dismissal is with prejudice because the legal deficiencies above could not be cured via amendments and plaintiff's filings have not attempted to explain potentially viable claims that could warrant leave to amend.

IT IS SO ORDERED.

DATED this  3rd  day of April, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court